UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALEXANDER CHERIAN,<br><br>     Plaintiff,<br><br>  v.<br><br>COUNTYWIDE HOME LOANS, INC.,<br>NATIONAL TITLE INSURANCE<br>a New York corporation, dba AMERICA'S<br>WHOLESALE LENDER; MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC., a Delaware corporation;<br>FIDELITY NATIONAL TITLE<br>INSURANCE CO., a California<br>corporation; CITIMORTGAGE, INC., a<br>New York corporation; BAC HOME<br>LOAN SERVICING LP, a Texas limited<br>partnership; US BANK NATIONAL<br>ASSOCIATION, AS TRUSTEE FOR THE<br>HOLDERS OF THE CMLTI 2006-AR5<br>TRUST FUND, MORTGAGE PASS-<br>THROUGH CERTIFICATES SERIES<br>2006-AR5; RECONTRUST COMPANY,<br>N.A.; NORTHWEST TITLE, LLC DBA<br>NTL LLC a Washington corporation;<br>FIRST AMERICAN TITLE COMPANY,<br>INC., an Idaho Corporation, Bank of<br>America N.A., a Delaware Corporation,<br>and JOHN DOES 1 THROUGH 10,<br><br>     Defendants. | Case No. 1:12-CV-00110-BLW<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

## INTRODUCTION

The Court has before it Plaintiff Alexander Cherian's motion for a temporary restraining order and motion to amend his complaint and Defendants'[1] motion to dismiss. For the reasons set forth below, the Court will grant Defendants' motion to dismiss and deny Cherian's motions.

## BACKGROUND[2]

Plaintiff Alexander Cherian seeks to enjoin the pending foreclosure sale of a property he owns in Blaine County, Idaho on the grounds that Defendants have failed to comply with Idaho's non-judicial foreclosure statutes.

In April 2006, Cherian obtained a refinance mortgage loan in the amount of $895,000 through Defendant Countrywide Home Loans, Inc.  The loan was secured by a Deed of Trust to the residential real property in favor of Countrywide, dba America's

---

[1] Defendants who filed the motion to dismiss include: Countrywide Home Loans, Inc. (Countrywide); Mortgage Electronic Registration Systems, Inc. (MERS); Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing LP (Bank of America); ReconTrust Company, N.A. (ReconTrust); and U.S. Bank National Association, as Trustee for the Holders of the CMLTI 2006-AR5 Trust Fund, Mortgage Pass-through Certificates Series 2006-AR5 (US Bank).

[2] The following facts are taken from the Amended Complaint (Dkt. 6-1) and attached exhibits, and documents of public record attached to Defendants' Motion to Dismiss of which the Court takes judicial notice.

Wholesale Lender.  The Deed of Trust designated Fidelity National Title Insurance Company as trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary.

On August 10, 2011, MERS assigned its interest in the Deed of Trust to Defendant U.S. Bank National Association.  This assignment was recorded in Blaine County on August 15, 2011, as Instrument No. 589766.  Months later, on December 6, 2011, ReconTrust Company, N.A. was appointed successor trustee. The Appointment was recorded on December 19, 2011.

In January 2010, Cherian stopped making his monthly loan payment, defaulting on his loan obligation.  Almost two years later, after the loan was transferred to U.S. Bank and ReconTrust was appointed successor trustee, a Notice of Default was recorded on December 16, 2011.  At the time the Notice of Default was recorded, Cherian was $127,000 behind on his loan payments.  The original Notice of Trustee's Sale, dated December 22, 2011, showed the foreclosure sale was scheduled to take place on April 30, 2012.  The Court understands that the foreclosure sale has been delayed.

Now Cherian claims that he does not know who owns the underlying Note and Deed of Trust and contends that none of the Defendants has any "right, estate, title, lien, or interest . . . in or to the Property" *Compl.* ¶14, Dkt. 6-1.  Cherian alleges that the following issues somehow deprived Defendants of any valid interest in the property: (1) defects in the execution and transfers of the Note and Deed of Trust and in the recording

MEMORANDUM DECISION AND ORDER - 3

of title and assignment documents; (2) the splitting of the Note and Deed of Trust; (3) securitization of the Note; (4) satisfaction of the Note by third parties; and (5) violations of the Idaho Code, the ICPA, the FDCPA, and TILA.

For all these reasons, Cherian asks that the pending foreclosure sale be enjoined. Defendants move to dismiss Cherian's complaint.  After Defendants moved to dismiss the complaint, Cherian moved to file a Second Amended Complaint, which Defendants have opposed.  Because Cherian's Motion to Amend has not been granted, the Court considers the First Amended Complaint on file unless otherwise noted.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  *Id*.  "Rule 8 marks a notable and generous departure

from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987).  The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004)**.**  The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

**1. Motion to Dismiss**

### A. *Cherian Cannot Quiet Title Without Tendering Payment.*

Cherian includes a claim for quiet title in his First Amended Complaint, requesting a declaration that Cherian owns "in fee simple, and is entitled to the quiet and peaceful possession of the Property." *Compl.* at 8, Dkt. 1-6.  Cherian, however, has not alleged an

ability or willingness to tender the balance due on the loan.  This omission is fatal to

Cherian's quiet title claim.  *Hobson v. Wells Fargo Bank, N.A.*, Case No. 1:11–cv–

00196–BLW, 2012 WL 505917, *3 (D.Idaho February 15, 2012) (quoting *Trusty v. Ray,*

249 P.2d 814, 817 (Idaho 1952)).  "A mortgagor cannot without paying his debt quiet

title as against the mortgagee."  *Trusty*, 249 P.2d at 817 (internal quotation marks and

citation omitted).

Cherian's allegations that US Bank has failed to follow the applicable nonjudicial

foreclosure statutes does not excuse his lack of tender or otherwise save his quiet title

claim.  Even assuming Cherian proves that US Bank did not comply with Idaho's

nonjudicial foreclosure statutes, he cannot quiet title in the property because of a defect in

the foreclosure process.  "This Court is not in a position to award plaintiffs a windfall."

*Kham v. Executive Trustee Services, LLC*, No. CV F 12–0321 LJO BAM, 2012 WL

967864, *15 (E.D.Cal. March 21, 2012).

### B. *Cherian Does not Allege Any Facts to Support his Claim that Defendants' Failed to Comply with Idaho's Foreclosure Statutes.*

First, Cherian alleges Defendants do not have an interest in the property allowing

them to foreclose for the following reasons: "lack of proper recording of required

documents of title", "defects in the execution [and transfer] of the notes and deeds of

trust", "violation of the law rendering the documents void", "satisfaction of the notes by

third parties or entities, by federal relief, by tax credits, or otherwise", and "other such

defects as may be revealed during discovery." *Compl.* ¶¶ 24(a), (c)-(d), (f)-(h).  Cherian,

MEMORANDUM DECISION AND ORDER - 6

however, asserts not one fact to support these claims.  These purely conclusory and speculative allegations do not state a claim for violation of Idaho's foreclosure statutes, or otherwise suggest that the initiation of foreclosure proceedings against Cherian was improper.

### C.  Securitization of the Note Does Not Impact the Right to Foreclose.

Cherian alludes to several theories to suggest that securitization of the loan impacts Defendants' interest in the property or otherwise affects their right to foreclose. "This is not a new battlefield.  Several courts have rejected various theories that securitization of a loan somehow diminishes the underlying power of sale that can be exercised upon a trustor's breach." *Washburn v. Bank of America, N.A.*, Case No. 1:11–cv–00193–EJL–CWD, 2011 WL 7053617, *4-5 (D. Idaho October 21, 2011) (internal quotation marks omitted) (citing cases).  And nothing in Cherian's complaint or brief opposing the motion to dismiss persuades this Court to deviate from these decisions.

In his brief, Cherian argues, "Securitization is relevant if Defendant U.S. Bank N.A. as trustee for a pool of securities, one of which was Plaintiff's, and that Trust no longer exists, then how can they proceed as if it did? They may be trying to collect for a second time." *Pl's Resp.* at 8, Dkt. 25.  Cherian's ruminations do not convince the Court that securitization of the loan somehow impacts the right to foreclose.  Cherian alleges no facts suggesting that U.S. Bank has already collected once.  And Cherian certainly does not allege that U.S. Bank is attempting to collect from Cherian a second time.  Nor does

Cherian allege that he has received any competing or duplicative requests for payment. Rather, all the evidence shows that Cherian is over $100,000 behind on his loan payments. He defaulted on his loan obligation and the documents he signed in connection with obtaining the loan state that the property may be sold in a non-judicial foreclosure sale under these circumstances. Securitization of the loan does not discharge Cherian's clear contractual obligation to repay the loan.

### D.  Proof of Note Ownership Does Not Bear on Defendants' Right to Foreclose.

Cherian suggests that Defendants must produce the note to prove their right to foreclose. But the Idaho Supreme Court rejected this argument in *Trotter v. Bank of New York Mellon*: "a trustee may initiate nonjudicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying note…." 275 P.3d 857 (Idaho 2012). This Court, in conformance with the Idaho Supreme Court's interpretation of Idaho law, likewise rejects Cherian's argument that his lack of knowledge regarding which Defendant owns the note somehow affects the right to foreclose. The Court will therefore dismiss this claim.

### E.  The Alleged Splitting of the Note and Trust Deed Did Not Extinguish the Right to Foreclose.

Cherian alleges that none of the Defendants "have any valid claim to or interest in" the property due to "split of ownership of the notes and deeds of trust." *Compl.* ¶ 24(b), Dkt. 6-1. In *Cervantes v. Countrywide Home Loans, Inc.*, the Ninth Circuit, explaining that MERS is an electronic database that tracks the transfers of the beneficial

MEMORANDUM DECISION AND ORDER - 8

interest in home loans, held that use of the MERS system does not eliminate a party's

right to foreclose – even accepting the premise that use of MERS splits the note from the

deed.  656 F.3d 1034 (9th Cir. 2011).  Applying Ninth Circuit law, this Court finds that

any alleged splitting of the note from the deed does not preclude the proper Defendant in

this case, or any other proper party, from foreclosing on Cherian's Deed of Trust.

### F.  MERS Is a Proper Beneficiary.

Cherian also argues that MERS did not have the authority under Idaho law, either

"by right" or "by agency," to transfer the beneficial interest in the Deed of Trust to U.S.

Bank.  This position has been routinely rejected by the courts, including this Court.  *See,*

*e.g., Hobson v. Wells Fargo Bank, N.A.,* 2012 WL 505917, *5 (D.Idaho February 15,

2012).  In *Hobson*, relying in part on the Idaho Supreme Court decision in *Trotter*, this

Court concluded that MERS had the authority to assign its beneficial interest in the deed

of trust to the foreclosing bank.  *Id.*  By contrast, Cherian has failed to cite any

controlling authority supporting his position that MERS is a sham beneficiary.  Nor has

Cherian alleged any facts distinguishing this case from *Hobson* or *Trotter.*  In accordance

with these decisions, the Court likewise concludes here that MERS had the authority to

assign its beneficial interest in the Deed of Trust to U.S. Bank.

### G. Defendants Are Not Debt Collectors Under the FDCPA.

Congress enacted the Fair Debt Collection Practices Act (FDCPA) "to eliminate

abusive debt collection practices by debt collectors, to insure that those debt collectors

who refrain from using abusive debt collection practices are not competitively

MEMORANDUM DECISION AND ORDER - 9

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692.  But the "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA. *Hulse v. Ocwen Fed. Bank, FSB,* 195 F.Supp.2d 1188, 1204 (D.Or. 2002). And lenders and mortgage companies are not "debt collectors" within the meaning of the FDCPA. *Ines v. Countrywide Home Loans, Inc.*, Case No. 08cv1267 WQH (NLS), 2008 WL 2795875, *3 (S.D.Cal. July 18, 2008) (citing *Williams v. Countrywide,* 504 F.Supp.2d 176, 190 (S.D.Tex.2007) ("Mortgage companies collecting debts are not 'debt collectors.'").

In this case, Cherian does not allege any facts in support of his allegations that any Defendant qualifies as a "debt collector," or that any Defendant engaged in "debt collection activity."  This would not change even if the Court were to consider Cherian's proposed Second Amended Complaint, in which he makes only the conclusory allegation that Defendants are debt collectors – and nothing more.  Countrywide is the lender, U.S. Bank is the lender's successor, and Bank of America is the loan servicer – none of which qualify as "debt collectors" under the FDCPA.  *Caballero v. Ocwen Loan Serv.*, Case No. C–09–01021 RMW, 2009 WL 1528128, at *1 (N.D.Cal. May 29, 2009).  In addition, MERS' role as the beneficiary of the Deed of Trust was established at the loan's origination prior to Cherian's default, and therefore it is also exempt under the FDCPA. *Fitzgerald v. PNCBank*, Case No. 1:10–CV–452–BLW, 2011 WL 1542138, *3 (D. Idaho

April 21, 2011).  Finally, ReconTrust, as the successor trustee, has no ownership interest in the Note and no claim can be stated against it under the FDCPA.  Accordingly, any claim Cherian asserts based on the FDCPA is dismissed.

### H. Cherian Fails to Allege a Violation of the ICPA or the Idaho Code.

In his Amended Complaint, Cherian alleges that Defendants violated the ICPA, as well as other unnamed sections of the Idaho Code, but he does not explain how.  Without facts to support this conclusory allegation, any claim asserting a violation of ICPA must be dismissed.  *Twombly*, 550 U.S. at 555.

The allegations contained in Cherian's Proposed Second Amended Complaint do not change this conclusion.  In his Second Amended Complaint, Cherian alleges that Defendants violated the Idaho Consumer Protection Act "by knowing [sic] proceeding with non-judicial foreclosure on Plaintiffs [sic] real property whose being aware of MERS actions and lack of proper recording, or all transfers of beneficial interests."  However, as discussed above, MERS took no actions not approved by other courts or that otherwise harmed Cherian.  And Cherian fails to allege any facts to support his contention that Defendants did not meet the requirements of Idaho's foreclosure laws.  So he has not stated a claim under the ICPA or any other provision of the Idaho Code.

### I.  Cherian Fails to Allege a Violation of the Truth In Lending Act.

Cherian maintains that U.S. Bank violated the Truth in Lending Act "by failing to notify the borrower, Mr. Cherian, in writing within 30 days after the date on which the mortgage loan was sold or otherwise transferred or assigned by Defendant MERS."

MEMORANDUM DECISION AND ORDER - 11

*Compl.* ¶ 16.  TILA requires that an assignee of a loan notify the borrower in writing within 30 days of the transfer.  15 U.S.C. § 1641(g)(1).  Nonetheless, Cherian fails to state a valid claim under Section 1641(g)(1).

While Cherian alleges U.S. Bank violated TILA, he does not allege U.S. Bank's failure to provide notice caused him to incur actual damages.  A creditor that fails to comply with any requirement imposed under § 1641(g)(1) only faces liability for "any *actual damage* sustained by such person as a result of the failure." *See* 15 U.S.C. § 1640(a)(1) (discussing civil liability) (emphasis added). Moreover, "in the case of an individual action," damages are limited to "twice the amount of any finance charge in connection with the transaction" and, in cases involving real property, "not less than $400 or greater than $4,000." *Id.* § 1640(a)(2)(A)(i), (iv).   Cherian has not alleged any actual damages or finance charges related to U.S. Bank's failure to provide the notice of assignment required under § 1641(g)(1), and therefore this claim must be dismissed.

## 2.  Motion to Amend

Cherian has moved to file a Second Amended Complaint.  Even if a party has not requested leave to amend, a dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v.*

*Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)(issued 2 months after *Iqbal*).[1]  Having reviewed Cherian's proposed Second Amended Complaint, this Court finds proposed amendment would be futile.

In his proposed Second Amended Complaint, Cherian offers no new facts that cure the current Complaint's deficiencies.  Cherian adds an additional paragraph challenging MERS' authority to assign the Note and Deed of Trust to U.S. Bank, but such challenges to MERS have been almost uniformly rejected by the courts, including this Court.  Cherian's proposed amendments do not change that fact.

Cherian also adds a paragraph alleging that Defendants failed to record the assignment to Citimortgage.  Even assuming that this fact would support Cherian's claim that any pending foreclosure would be improper, it is not correct.  Citimortgage is the current owner of the loan and U.S. Bank is Trustee for Citimortgage.  The assignment of the Deed of Trust to U.S. Bank as Trustee for Citimortgage was recorded on August 15, 2011.  Nor does Second Amended Complaint add any facts suggesting that any other Defendant failed to comply with Idaho's foreclosure statutes.

_____

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. . .."   Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* it is uncertain whether the language in *Harris v. Amgen* has much of a life expectancy.

Finally, Cherian adds allegations relating to his FDCPA claim.  But as already discussed above, those allegations would not save those claims either.  Cherian's conclusory allegation that Bank of America and ReconTrust are debt collectors under the FDCPA is insufficient to cure the deficiencies in the First Amended Complaint.

For those reason set forth above, the Court will deny Cherian's Motion to Amend.  Because the Court finds that Cherian has failed to state a claim and that amendment of the First Amended Complaint would be futile, the Court finds that Cherian's Motion for a TRO is moot.

## ORDER

IT IS ORDERED that:

1.  Defendants' Motion to Dismiss (Dkt. 13) is GRANTED.

2.  Defendants' Motion for Judicial Notice (Dkt. 13-2) is GRANTED.

3.  Plaintiff's Motion to Amend (Dkt. 22) is DENIED.

4.  Plaintiff's Amended Motion for Temporary Restraining Order (Dkt. 3) is MOOT.

DATED: July 11, 2012

B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 14