UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALEXANDER CHERIAN,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTYWIDE HOME LOANS, INC., NATIONAL TITLE INSURANCE a New York corporation, dba AMERICA'S WHOLESALE LENDER; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; FIDELITY NATIONAL TITLE INSURANCE CO., a California corporation; CITIMORTGAGE, INC., a New York corporation; BAC HOME LOAN SERVICING LP, a Texas limited partnership; US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE CMLTI 2006-AR5 TRUST FUND, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR5; RECONTRUST COMPANY, N.A.; NORTHWEST TITLE, LLC DBA NTL LLC a Washington corporation; FIRST AMERICAN TITLE COMPANY, INC., an Idaho Corporation, Bank of America N.A., a Delaware Corporation, and JOHN DOES 1 THROUGH 10,<br><br>    Defendants. | Case No. 1:12-CV-00110-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION AND ORDER** - 1

## INTRODUCTION

The Court has before it Defendant CitiMortgage, Inc.'s Motion to Dismiss (Dkt. 31). For the reasons set forth below, the Court will grant the motion to dismiss.

## BACKGROUND[1]

In April 2006, Plaintiff Alexander Cherian obtained a refinance mortgage loan in the amount of $895,000 through Defendant Countrywide Home Loans, Inc. The loan was secured by a Deed of Trust to the residential real property in favor of Countrywide, dba America's Wholesale Lender. The Deed of Trust designated Fidelity National Title Insurance Company as trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary.

On August 10, 2011, MERS assigned its interest in the Deed of Trust to Defendant U.S. Bank National Association. This assignment was recorded in Blaine County on August 15, 2011, as Instrument No. 589766. Months later, on December 6, 2011,

---

[1] The following facts are taken from the Amended Complaint (Dkt. 6-1) and attached exhibits, and documents of public record attached to Defendants' Motion to Dismiss of which the Court takes judicial notice.

ReconTrust Company, N.A. was appointed successor trustee. The Appointment was recorded on December 19, 2011.

In January 2010, Cherian stopped making his monthly loan payment, defaulting on his loan obligation.  Almost two years later, after the loan was transferred to U.S. Bank and ReconTrust was appointed successor trustee, a Notice of Default was recorded on December 16, 2011.  At the time the Notice of Default was recorded, Cherian was $127,000 behind on his loan payments.  The original Notice of Trustee's Sale, dated December 22, 2011, showed the foreclosure sale was scheduled to take place on April 30, 2012.

Now Cherian claims that he does not know who owns the underlying Note and Deed of Trust and contends that none of the Defendants has any "right, estate, title, lien, or interest . . . in or to the Property" *Compl.* ¶14, Dkt. 6-1.  Cherian alleges that the following issues somehow deprived Defendants, including CitiMortgage, of any valid interest in the property: (1) defects in the execution and transfers of the Note and Deed of Trust and in the recording of title and assignment documents; (2) the splitting of the Note and Deed of Trust; (3) securitization of the Note; (4) satisfaction of the Note by third parties; and (5) violations of the Idaho Code, the ICPA, the FDCPA, and TILA.

On January 23, 2012, Cherian filed his original complaint in state court.  Cherian filed an amended complaint on February 2, 2012.  The Amended Complaint was removed to this Court on March 6, 2012.  A little over a month later, on April 16, Plaintiff filed a

**MEMORANDUM DECISION AND ORDER** - 3

motion to file a second amended complaint. The Court denied this motion.  In the same order denying the motion to amend, the Court granted a motion to dismiss all of the defendants but CitiMortgage, which did not join the motion to dismiss.  Now CitiMortgage moves to dismiss the Amended Complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  *Id*.  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*  "Determining whether a complaint states a plausible claim for relief will .

**MEMORANDUM DECISION AND ORDER** - 4

. . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004)**.** The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

1. **Motion to Dismiss**
   
   A. *Cherian's Quiet Title Claim Fails.*

Cherian includes a claim for quiet title in his Amended Complaint, requesting a declaration that Cherian owns "in fee simple, and is entitled to the quiet and peaceful possession of the Property." *Compl.* at 8, Dkt. 1-6. Cherian's quiet title claim against CitiMortgage suffers from two fatal defects: (1) he fails to allege that CitiMortgage specifically has any interest in the Property; and (2) he fails to allege an ability or willingness to tender the balance due on the loan.

First, Cherian's quiet title claim against CitiMortgage must be dismissed because Cherian fails to allege that CitiMortgage specifically has any interest in the Property. Indeed, Cherian's Complaint fails to allege any specific allegations against CitiMortgage – the only reference to CitiMortgage is in paragraph 6 of the Complaint which states CitiMortgage is a corporation in good standing. *Compl*. ¶ 6. Cherian provides no allegations to explain why CitiMortgage is named as a party. This alone warrants dismissal of the quiet title claim against CitiMortgage.

Second, Cherian's quiet title claim against CitiMortgage must be dismissed because Cherian has not alleged an ability or willingness to tender the balance due on the loan. This omission is fatal to Cherian's quiet title claim. *Hobson v. Wells Fargo Bank, N.A.*, Case No. 1:11–cv–00196–BLW, 2012 WL 505917, *3 (D.Idaho February 15, 2012) (quoting *Trusty v. Ray,* 249 P.2d 814, 817 (Idaho 1952)). "A mortgagor cannot without paying his debt quiet title as against the mortgagee." *Trusty*, 249 P.2d at 817 (internal quotation marks and citation omitted).

### B. *Cherian Does not Allege Any Facts to Support his Claim that CitiMortgage Failed to Comply with Idaho's Foreclosure Statutes.*

Cherian alleges Defendants – without specifying CitiMortgage – do not have an interest in the property allowing them to foreclose for the following reasons: "lack of proper recording of required documents of title", "defects in the execution [and transfer] of the notes and deeds of trust", "violation of the law rendering the documents void", "satisfaction of the notes by third parties or entities, by federal relief, by tax credits, or

**MEMORANDUM DECISION AND ORDER** - 6

otherwise", and "other such defects as may be revealed during discovery." *Compl.* ¶¶ 24(a), (c)-(d), (f)-(h).

Cherian, however, asserts no facts to support these claims. These purely conclusory and speculative allegations do not state a claim for violation of Idaho's foreclosure statutes, or otherwise suggest that the initiation of foreclosure proceedings against Cherian was improper.

### C. *Securitization of the Note Does Not Affect the Right to Foreclose.*

Cherian alludes to several theories to suggest that securitization of the loan somehow affects CitiMortgage's interest in the property or otherwise affects its right to foreclose. "This is not a new battlefield.  Several courts have rejected various theories that securitization of a loan somehow diminishes the underlying power of sale that can be exercised upon a trustor's breach." *Washburn v. Bank of America, N.A.*, Case No. 1:11–cv–00193–EJL–CWD, 2011 WL 7053617, *4-5 (D. Idaho October 21, 2011) (internal quotation marks omitted) (citing cases).

Nothing Cherian offers convinces the Court to reject those decisions.  In his response brief, Cherian ponders:

> How does Plaintiff know what interest Defendant Citimortgage Inc., still has? This is a cloud on Plaintiffs title until resolved. How did Defendant U.S. Bank N.A wind up with something Defendant Cititmortgage Inc., once had, which was securitized, and the trust involved maybe having been dissolved before any transfer to U.S. Bank N.A.? Who knows what claims may be made unless Citimortgage Inc. is found to really have no interest?"

**MEMORANDUM DECISION AND ORDER** - 7

*Pl's Resp*. at 3, Dkt. 33.   But Cherian's ruminations do not convince the Court that securitization of the loan affects the right to foreclose.  As the Ninth Circuit Bankruptcy Appellate Panel recently observed, the borrower (the maker of the note) "should be indifferent as to who owns or has an interest in the note so long as it does not affect the maker's ability to make payments on the note." *Veal v. Am. Home Mortgaging Serv., Inc.*, 450 B.R. 897, 912 (9th Cir. BAP 2011).

Here, Cherian's allegations and publicly recorded documents show that he has the information he needs to make payments on the note. And he alleges no facts that duplicate claims have been made to collect on the note.  Rather, all the evidence shows that Cherian is over $100,000 behind on his loan payments.  He defaulted on his loan obligation and the documents he signed in connection with obtaining the loan state that the property may be sold in a non-judicial foreclosure sale under these circumstances.  Securitization of the loan does not discharge Cherian's clear contractual obligation to repay the loan.

### D. *Proof of Note Ownership Does Not Bear on Defendants' Right to Foreclose.*

Cherian suggests that CitiMortgage must produce the note to prove their right to foreclose.  But the Idaho Supreme Court rejected this argument in *Trotter v. Bank of New York Mellon*: "a trustee may initiate nonjudicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying note…." 275 P.3d 857 (Idaho 2012).  This Court, in conformance with the Idaho Supreme Court's interpretation of

**MEMORANDUM DECISION AND ORDER** - 8

Idaho law, likewise rejects Cherian's argument that his lack of knowledge regarding which entity owns the note somehow affects the right to foreclose. The Court will therefore dismiss this claim.

### E. *The Alleged Splitting of the Note and Trust Deed Did Not Extinguish the Right to Foreclose.*

Cherian alleges that none of the Defendants "have any valid claim to or interest in" the property due to "split of ownership of the notes and deeds of trust." *Compl.* ¶ 24(b), Dkt. 6-1. In *Cervantes v. Countrywide Home Loans, Inc.*, the Ninth Circuit, explaining that MERS is an electronic database that tracks the transfers of the beneficial interest in home loans, held that use of the MERS system does not eliminate a party's right to foreclose – even accepting the premise that use of MERS splits the note from the deed. 656 F.3d 1034 (9th Cir. 2011). Applying Ninth Circuit law, this Court finds that any alleged splitting of the note from the deed does not preclude the proper Defendant in this case, or any other proper party, from foreclosing on Cherian's Deed of Trust.

### F. *MERS Is a Proper Beneficiary.*

Cherian also argues that MERS did not have the authority under Idaho law, either "by right" or "by agency," to transfer the beneficial interest in the Deed of Trust to U.S. Bank. This position has been routinely rejected by the courts, including this Court. *See, e.g., Hobson v. Wells Fargo Bank, N.A.,* 2012 WL 505917, *5 (D.Idaho February 15, 2012). In *Hobson*, relying in part on the Idaho Supreme Court decision in *Trotter*, this Court concluded that MERS had the authority to assign its beneficial interest in the deed

MEMORANDUM DECISION AND ORDER - 9

of trust to the foreclosing bank. *Id*. By contrast, Cherian has failed to cite any controlling authority supporting his position that MERS is a sham beneficiary. Nor has Cherian alleged any facts distinguishing this case from *Hobson* or *Trotter*. In accordance with these decisions, the Court likewise concludes here that MERS had the authority to assign its beneficial interest in the Deed of Trust to U.S. Bank.

### G. *CitiMortgage Is Not a Debt Collector Under the FDCPA.*

Congress enacted the Fair Debt Collection Practices Act (FDCPA) "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692. But the "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA. *Hulse v. Ocwen Fed. Bank, FSB,* 195 F.Supp.2d 1188, 1204 (D.Or. 2002). And lenders and mortgage companies are not "debt collectors" within the meaning of the FDCPA. *Ines v. Countrywide Home Loans, Inc.*, Case No. 08cv1267 WQH (NLS), 2008 WL 2795875, *3 (S.D.Cal. July 18, 2008) (citing *Williams v. Countrywide,* 504 F.Supp.2d 176, 190 (S.D.Tex.2007) ("Mortgage companies collecting debts are not 'debt collectors.'")). In this case, Cherian does not allege any facts in support of his allegations that the Defendants, including CitiMortgage, qualify as "debt collectors," or that CitiMortgage engaged in "debt collection activity."

**H.** *Cherian Fails to Allege a Violation of the ICPA or the Idaho Code.*

In his Amended Complaint, Cherian alleges that Defendants, including CitiMortgage, violated the ICPA, as well as other unnamed sections of the Idaho Code, but he does not explain how. Without facts to support this conclusory allegation, any claim against CitiMortgage asserting a violation of ICPA must be dismissed. *Twombly*, 550 U.S. at 555.

**I.** *Cherian Fails to Allege a Violation of the Truth In Lending Act.*

The Truth in Lending Act describes both an obligor's right to rescind, as well as the "tender" rule referenced above. 15 U.S.C. § 1635(a) and (b). Upon rescission both the creditor and obligor must return or tender the property of the other. The Ninth Circuit explained in *Yamamoto v. Bank of New York* that rescission should be conditioned on repayment of the amounts lent by the creditor. 329 F. 3d 1167 (9th Cir 2003). Because, as discussed above, Cherian has not met this tender requirement, his TILA claim must be dismissed.

Even if Cherian could tender the amount of the loan the statute of limitations would still apply. TILA imposes a three-year statute of limitations: "An obligor's right of rescission shall expire three years after the date of consummation of the transaction. 15 USC § 1635(f) (2006). The consummation of the transaction as alleged was in April 2006 which is more than three years ago and, therefore, a TILA claim is time barred. *Compl*. ¶ 15.

**MEMORANDUM DECISION AND ORDER** - 11

## ORDER

IT IS ORDERED that Defendant CitiMortgage, Inc.'s Motion to Dismiss (Dkt. 31) is GRANTED.

DATED: November 20, 2012

B. Lynn Winmill
Chief Judge
United States District Court